## CAHILL v. HAGERTY.

(Supreme Court, Appellate Term.  January 7, 1904.)

1. APPEAL—HARMLESS ERROR—ADMISSION OF LIABILITY.

> Where, in an action for money had and received, much of the evidence was erroneously admitted, but defendant admitted liability for a part of the sum for which judgment was recovered, the judgment will be affirmed on appeal, conditionally on remission of the excess over the admitted liability.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Daniel C. Cahill against Joseph D. Hagerty.  From a judgment for plaintiff, defendant appeals.  Conditionally affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

John F. Harrington, for appellant.
James E. Smith, for respondent.

GREENBAUM, J.  The pleadings were oral.  The complaint was "money had and received."  Upon the trial the plaintiff testified that during the time the defendant was confined at Ward's Island, where he had been committed as an insane person, he paid moneys to defendant's wife, a sister of plaintiff; to a hospital where she was taken for treatment during her illness that resulted in her death; for a burial plot for defendant's wife; and for expenses of a "wake." It was for these moneys advanced that the complaint for "money had" and received" was based.  There was no proof that any portion of these advances was made upon defendant's request, and the only evidence connecting defendant with the claim was that while habeas corpus proceedings were pending, looking to the discharge of defendant from the asylum, the plaintiff spoke to him of the moneys expended, and the defendant told him that he would pay anything if he would only be released from restraint.  It is difficult to comprehend whether the plaintiff's claim in reality arises out of an agreement founded upon plaintiff's efforts (if he made any) in securing defendant's release, or upon an implied promise for necessities furnished defendant's family. The testimony as to the alleged expenditures was to a large extent presented in disregard of the rules of evidence, and the interests of justice would be furthered by ordering a new trial, so that the pleadings may be amended to present an intelligible cause of action, and proofs taken according to the rules and. practice prevailing in courts of justice in this state.  Upon the trial, however, there was an admission of liability by defendant's counsel for the items of hospital service, $24, and burial plot, $39, aggregating $63, as to which the only

controversy was with respect to the amount paid to the hospital, which the evidence shows with reasonable certainty to have been $24.

Under all the circumstances, the judgment will be reversed, and a new trial ordered, unless the plaintiff stipulate to reduce the judgment to $63, in which event the judgment as rendered will be affirmed, without costs. All concur.